# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## APRIL TERM, 1871.

ROBERT W. BROOME, ADMINISTRATOR OF MATTHEW W. SMITH et al., vs. HORATIO BISBEE, JR.

1. Where a party has a demand, payable under the terms of a contract, out of a particular asset or fund, a Court of Equity will secure the fund and direct the payment of the demand.

2. S agreed to give B one-half of what he, S, might receive from M, if B would assist him in certain work then being performed by S for M. The assistance is rendered, S dies insolvent, and his claim for the service rendered M by himself and B is reduced to judgment. *Held:* That B is entitled to the benefit of the judgment lien, and to payment of one-half of the sum realized from the judgment.

This is an appeal from a final decree in chancery rendered by the Circuit Court for Columbia county. The appeal is prosecuted by the defendants, Robert W. Broome *et al.* The decree directed the payment of five hundred and sixty-five dollars to H. Bisbee, the respondent.

M. Whit Smith being an attorney at law, was employed by William N. Myers to defend him against certain criminal charges then pending before a military commission. Smith associated with him in this defense Horatio Bisbee, Jr., agreeing to pay him one-half of the sums he should receive of Mr. Myers. Bisbee performed his portion of the contract, rendering the service. Smith, during his life-time,

collected small amounts from Myers, and failed and neglected to divide the amounts so collected with Bisbee. 'Before his death, Smith brought an action against Myers to recover the balance of the compensation due him for the services rendered in the matter stated. After his death, Robert W. Broome qualified as his administrator, continued the suit, and recovered judgment. Smith's estate is admitted to be insolvent. When the final decree was rendered, there was in the hands of a receiver, previously appointed, eleven hundred and thirty-one dollars, which was the proceeds of this judgment. The decree directs the payment of one-half of this sum to the complainant, Bisbee. The administrator of Smith insisting that Bisbee is a general creditor of the estate, and not entitled to share in the particular funds resulting from the judgment, prosecutes this appeal.

*Broome* and *Niblack* for Appellant.

We submit the following points and principles of law as being correct and applicable to the case at bar :

1. That to constitute a lien upon this particular fund, all the requirements of our statute law must be complied with; that there must be a matter of record in order to give notice, &c. See Thomp. Dig., 183, par. 2.

It cannot be contended that the agreement constituted a limited or special co-partnership, for the bill no where alleges it, and besides there can be no limited or special partnership, unless the requirements of our statute law be complied with. See Thomp. Dig., 230–31.

It is alleged in the bill and admitted in the answer, that Smith's estate is insolvent. Therefore, by our statute law, every claim against an insolvent estate belongs to one of the three classes, to-wit : " prior liens," " preferred debts," or "*pro rata* claims," which must be satisfied in the order named.

2. A prior lien to be effectual must divest the insolvent's *legal estate.* It is contended that this has not been done.

For authority for this principle see 10 Peters, 612; 2 Wheaton, 396. Or it must be *res adjudicata*. See 11 Fla., 111.

The agreement or contract as set out in the bill is not a prior lien, because it does not constitute a mortgage. See Thomp. Dig., 376, 183; 5 Fla., 376; 10 Fla., 133.

The agreement or contract as set out in the bill is not a preferred claim, or debt being omitted from that class, by act of 1853, p. 106, and expressly excluded by act of 1828. Thomp. Dig., 206.

It must be of the order of *"pro rata"* claims.

*H. Bisbee, Jr.*, and *J. J. Finley*, for Respondent.

The facts stated in the bill (and not denied by the answer,) constitute a partnership, or a *community* of interest between complainant and defendant's intestate, and therefore it is a proper case of equity jurisdiction.

Partnership is defined to be the joining together by two or more persons of their money, labor or skill, or either of them, under an understanding that there shall be a communion of profit between them, for the purposes of carrying on a legal trade, business or adventure. 1 Pars. Cont., 124; 3 Kent, 19–20–1–2, (top page); Collyer on Part., 2; Gow on Part., 1; Story on Part., § 2.

This agreement for a community of interest may be expressed or implied from the relation of the parties. 4 Paige, 160; Gow on Part., 9, 5, (marginal); 3 Kent, 25.

In this case, as shown by the bill, the partnership arises from an express agreement, (not denied in answer,) and the labor was performed under it.

Partnership may exist between lawyers as well as between merchants, and may be limited to a single transaction or specified adventure. Gow on Part., 7, citing Marsh vs. Gold; 2 Pick., 286; 1 Wend., 532; 8 Wend., 665; 13 Ark., 173; 15 La. Am., 425; 1 Pars. Cont., 126; Story on Part., § 25; 17 Sergt. & Rawle, 167; 8 Kent, 26.

The answer not denying, but admitting as it does all alle-

gations in the bill, complainant is entitled to relief without further evidence.

The testimony of F. I. Wheaton sustains the allegations in the bill.

The testimony of one witness is sufficient to give the relief, no material allegation in the bill being denied. Vol. III, Greenleaf's Evidence, § 282–84–87–89–90.

Complainant, upon the facts stated in the bill, could not recover against the estate of Smith, as complainant never became Smith's creditor, either by any express or implied promise. Nor can complainant recover from Myers, because Myers never employed complainant, but simply assented that Smith should associate him in his defense *under the agreement stated in the bill.* .

There is no other remedy for complainant save the one resorted to, and whether or not the facts constitute a partnership, or simply a joint interest in the fund, the remedy and the right is the same.

Complainant helped to earn the fund and is equitably entitled to his share of it.

The action of defendant and his intestate, in pressing suit to judgment in Smith's name, and refusing to pay complainant, operates as a fraud upon complainant's rights, and the remedy is simply to prevent such a fraud being perpetrated.

WESTCOTT, J., delivered the opinion of the Court.

This appeal is here now for two terms without any petition of appeal filed in this Court showing the grounds upon which a reversal of the decree is sought. We shall therefore simply state the question which arises in the case, and dispose of it. The simple question is whether, under the facts, respondent had an equity which entitled him to a decree for one-half of the sums collected under this judgment, and then in the control of the Court. That at law he might possibly have recovered a judgment for one-half of the amounts collected by Smith in his lifetime, or by his

administrator since his death, may be admitted, and it is no answer to the case made, because as against an administrator, even in ordinary cases where he seeks to enforce no claim against a specific fund, a creditor can seek either a court of law or equity. The jurisdiction for this purpose is concurrent. In this case Bisbee seeks to share in this *particular fund*, by virtue of peculiar equities attaching to his demand against the deceased intestate. A court of common law certainly cannot afford this relief, or act upon this particular fund. The sole question is: Does the case made entitle him to share in this particular fund, or does he occupy the standing of a general creditor of this insolvent estate, with no equity entitling him to a portion of this fund, resulting from his contract and the relations of the parties? Being entitled under the terms of the original contract to one-half of the moneys which Smith was to receive from Myers, the defendant in execution, he is clearly entitled, as against his legal representative or others having a beneficial interest in the estate, to the benefit of all liens which Smith may acquire for his security. Smith's claim for services has merged in the judgment, and upon the collection of the judgment Bisbee is clearly entitled to one-half of the specific funds. Smith's contract was not to pay Bisbee a certain amount at all events. It was to pay him one-half of the sums he would realize from Myers, as the services which Bisbee rendered were to enure to the benefit of Myers. After Bisbee has performed one-half, if not more, of the service which these identical funds represent, relying upon the capacity of Myers to pay Smith, and upon the express understanding that he was to share in them in that proportion, it would be palpably inconsistent with the plainest principles of right and justice to make him occupy the relation of a general creditor of an insolvent estate, thus permitting other creditors who had no such equity to take, as against him, a part of this particular fund. The general

creditor who relied upon the general credit of the intestate must look to his general assets. This particular creditor, who has no claim upon the general assets, and who is entitled to no compensation unless something was realized from a debtor to the estate, and in that event to but one-half of the amount, will be given the right in equity to share in that fund without deduction, when the fund can be identified as in this case. If Smith or his estate had never realized anything from Myers, Bisbee could have claimed nothing. Having taken this risk for all purposes of loss, a court of equity, under the particular contract here disclosed, will make it effectual for the purposes of advantage.

That Bisbee has a demand payable out of this particular asset cannot be denied. This is the contract set up and established by proof; indeed the administrator does not deny it. Where a legatee has a right to a particular fund, a court of equity will always secure the interest in his favor when the contest is between legatees, and where the superior rights of creditors do not intervene. In this case the demand is by contract. The particular asset is liable for this particular claim; the general assets are not, except conditionally in the event of an improper appropriation by the intestate. That is the case with the amounts collected by the intestate during his life. Respondent is a general creditor as to that, and there is no claim upon the judgment for that. The fund must be identified. These views are fully sustained by adjudicated cases. 2 Ves. jr., 619 ; 1 Ves. sr., 282 ; 1 Mar. Chy. Dec., 64 ; Story's Eq., 846, 730, 717.

The decree is affirmed.